## C. W. GREEN V. THE STATE.

No. 22263.  Delivered November 4, 1942.
Rehearing Denied January 13, 1943.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, and fined the sum of $200.00.

There are neither bills of exceptions nor statement of facts in the record. The proceedings appear to be in regular form, and we find nothing presented to us for review.

The judgment is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The record reveals that on March 10, 1942, appellant entered a *plea of guilty* before the court to a charge of possessing for the purpose of sale "6 pint bottles of wine" in Scurry County, properly alleged to have been dry area. The trial term of court adjourned on April 30, 1942. No motion for new trial was filed. On May 26, 1942, a request for a 30 day extension within which to file statement of facts and bills of exception was presented by R. W. Webb, and the trial court made an order granting a 30 day extension from and after said date of May 26. No statement of facts or bills of exception was ever filed.

Appellant files his affidavit stating that he secured the services of Mr. Webb to procure the order of extension at the request of Mr. Jones who was appellant's attorney, and that Mr. Webb had no further connection with the case than to get the extension order. Appellant further states in his affidavit that on June 28 he received a wire from his attorney as follows:

"Necessary for me to go to San Antonio immediately relative my status in Army. Advise you ask court for postponement and employ another attorney. I am out of practice for the duration."

It will be observed that the date of this wire was two days after the expiration of the thirty day extension secured by Mr. Webb, and three months and eighteen days after the date of the judgment of conviction upon the plea of guilty. Appellant himself may not have been guilty of negligence in preparing the record, but the bare statement of the situation shows negligence and delay of his attorney for which there can be no legitimate excuse and no ground for further indulgence by this court.

We might add that where a plea of guilty is entered in a misdemeanor case the plea admits defendant's responsibility,

all the material allegations of the indictment or information, the existence of the statutory elements of the crime charged, all the incriminating facts necessary to the conclusion of his guilt, and facts will not ordinarily be inquired into unless it is claimed that evidence heard on the plea demonstrated the defendant's innocence. There is no semblance of such claim here, and this may account in some measure for the absence from the record of a statement of facts and bills of exception. See 12 Tex. Jur., Sec. 300, and cases cited.

The attorneys now representing appellant are in no way responsible for the condition of the record.

The motion for rehearing is overruled.